# EXHIBIT A

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern District of New York

THE BOARD OF TRUSTEES OF THE
LOCAL 295/LOCAL 851 – IBT EMPLOYER
GROUP PENSION TRUST FUND and THE
BOARD OF TRUSTEES OF THE
LOCAL 295/LOCAL 851 – IBT EMPLOYER
GROUP WELFARE FUND,

Civil Case Number: 12 CIV 8031

JUDGE ____

Plaintiffs,

-against-

JRS TRUCKING SERVICES, INC.

Defendant.

TO: (Name and address of Defendant)

JRS Trucking Services, Inc.
230-79 International Airport Center Blvd.
Jamaica, New York 11413

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFFS' ATTORNEY (name and address)

David P. Ofenloch
Cary Kane LLP
1350 Broadway, Suite 1400
New York, New York 10018

an answer to the complaint which is served on you with this summons, within ___21___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

RUBY J. KRAJICK

NOV 0 5 2012

CLERK                                           DATE

(By) DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



12 CIV 8031

---

BOARD OF TRUSTEES OF THE LOCAL 295/LOCAL 851 – IBT EMPLOYER GROUP PENSION TRUST FUND and the BOARD OF TRUSTEES OF THE LOCAL 295/LOCAL 851 – IBT EMPLOYER GROUP WELFARE FUND,

   Plaintiffs,

-against-

JRS TRUCKING SERVICES, INC.

   Defendant.

Civil Case No.

Electronically Filed



RECEIVED NOV 05 2012 U.S.D.C. S.D.N.Y. CASHIERS

## COMPLAINT

  Plaintiffs, the Board of Trustees of the Local 295/Local 851 – IBT Employer Group Pension Trust Fund (the "Pension Fund") and the Board of Trustees of the Local 295/Local 851 – IBT Employer Group Welfare Fund (the "Welfare Fund") (collectively, the "Funds"), by their attorneys, Cary Kane LLP, respectfully allege as follows:

### Nature of the Action

  1. This is an action brought by Plaintiffs, fiduciaries, to enforce the provisions of a collective bargaining agreement, trust agreements, and other plan documents, as well as statutory obligations imposed on the Defendant JRS Trucking Services, Inc. ("JRS") by Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132 and 1145.

45661

## Jurisdiction and Venue

2. This Court has jurisdiction pursuant to Sections 502, 515, 4221(b)(1), and 4301(c) of ERISA, 29 U.S.C. §§ 1132, 1145, 1401(b)(1), and 1451(c), and pursuant to Section 301 of the Labor-Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185.

3. Venue properly lies in this judicial district pursuant to Section 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), and pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

## The Parties

4. Plaintiffs have been, at all times material hereto, fiduciaries of the Funds. The Funds are both multiemployer employee benefit plans, which are administered in the County of New York by Savasta and Company, Inc. at 60 Broad Street, 37th Floor, New York, New York 10004. Both Funds are collectively-bargained, jointly-trusteed funds organized and operating pursuant to the provisions of ERISA and the LMRA.

5. Upon information and belief, Defendant JRS has been, at all times material hereto, an "employer" "affecting commerce" as defined by Sections 2(2), (6), and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6), and (7), and is located at 230-79 International Airport Center Blvd., Jamaica, New York 11413.

## Collective Bargaining Agreement

6. Defendant JRS is party to a collective bargaining agreement ("CBA") with Local Union 295 (the "Union"), which is effective from January 1, 2010 to December 31, 2012 and covers the period relevant hereto.

7. Upon information and belief, at no point during the effective time period of the CBA did either the Union or JRS terminate the CBA.

8. The CBA covers the terms and conditions of Defendant JRS's employees who are represented by the Union for the period relevant hereto.

9. The CBA provides that contributions are to be made to the Funds by Defendant JRS on behalf of all bargaining unit employees.

### The Funds' Trust Agreements and Other Plan Documents

10. The Funds are operated pursuant to their individual Agreements and Declarations of Trust (the "Trust Agreements").

11. The CBA provides that the Funds' Trust Agreements are incorporated into the CBA as though fully set forth therein and the terms thereof are binding upon Defendant JRS as a signatory of the Trust Agreements.

12. The Funds' Trust Agreements also provide that each Fund's Board of Trustees may bring any action to enforce the agreements and to recoup unpaid contributions due the Funds, plus interest, costs, liquidated damages, and attorney's fees.

13. The CBA and the Trust Agreements require Defendant JRS to submit contribution reports setting forth the hours worked by each employee covered by the terms of the CBA as well as to remit contributions to the Funds on behalf of all bargaining unit employees in accordance with the CBA and the rules and the regulations in the Trusts.

14. Under the CBA, contributions are due to the Funds on or before the tenth (10th) day of the succeeding month on account of contributions due for the immediately preceding month.

15. The Funds' Trust Agreements and the Funds' Policy for Collection of Delinquent Contributions, Audits, and Mistaken Contributions provide that delinquent contributions are subject to: (1) attorneys' fees and disbursements; (2) court costs; (3) the costs attributable to any

audit; (4) interest equal to the annual prime rate of interest quoted in the New York Times as of the date on which the Employer's contributions were due and payable (or the next business day if that date is not a business day), plus five percent (5%); (5) liquidated damages equal to the greater of (i) interest on the unpaid contributions or (ii) twenty percent (20%) of the unpaid contributions; and (6) other legal or equitable relief as a court deems appropriate.

Delinquent Contributions

16.     As of this date, Defendant JRS has failed to remit contributions to the Welfare Fund for the months of February through September of 2012 in the estimated amount of $384,285.00 and to the Pension Fund for the period of January through September of 2012 in the estimated amount of $212,902.75.

17.     Plaintiffs have given Defendant JRS numerous opportunities over the course of the past few months to cure the aforementioned contribution delinquency and remit the delinquent contributions owed to the Welfare Fund and the Pension Fund.

18.     Plaintiffs sent Defendant JRS demand letters seeking remittance of the delinquent contributions to the Funds on the following dates: July 2, 2012, July 12, 2012 and September 13, 2012.

19.     During this time, on or around August 1, 2012, JRS remitted a payment to the Welfare Fund in the amount of $75,000.00 in order to cure the delinquencies for January of 2012 and a portion of the contributions owed to the Funds for February of 2012. JRS did not remit a payment for delinquent contributions to the Pension Fund.

20.     Subsequently, during the first week of October, Plaintiffs attempted to negotiate a Settlement Agreement and payment plan with Defendant JRS to allow the delinquent employer to pay the delinquent contributions owed to the Funds over a specific period of time and under a

particular set of circumstances. However, Defendant JRS ignored Plaintiffs attempt and negotiations ceased.

21. Defendant JRS has ignored Plaintiffs' demands for the payment of the remaining delinquent contributions owed to the Funds. Defendant has not contacted Plaintiffs concerning the delinquency since the first week of October.

### Claim for Relief: Delinquent Contributions

22. Plaintiffs restate and incorporate by reference each and every allegation of Paragraphs 1 through 21 above.

23. Defendant JRS is obligated, pursuant to the CBA, to remit contributions to the Funds.

24. Defendant JRS has failed to remit contributions to the Welfare Fund for the months of February through September of 2012 in the estimated amount of $384,285.00 and to the Pension Fund for the period of January through September of 2012 in the estimated amount of $212,902.75.

25. Plaintiffs have repeatedly demanded that Defendant JRS remit these delinquent amounts, and Defendant JRS has willfully refused to do so.

26. Additionally, pursuant to the Funds' Trust Agreements, governing plan documents, and Policy for Collection of Delinquent Contributions, Audits, and Mistaken Contributions, Plaintiffs are entitled to: (1) attorneys' fees and disbursements; (2) court costs; (3) the costs attributable to any audit; (4) interest equal to the annual prime rate of interest quoted in the New York Times as of the date on which the Employer's contributions were due and payable (or the next business day if that date is not a business day), plus five percent (5%); and (5)

liquidated damages equal to the greater of (i) interest on the unpaid contributions or (ii) twenty percent (20%) of the unpaid contributions.

27. Plaintiffs bring a claim under ERISA Sections 502 and 515, 29 U.S.C. §§ 1145, to enforce the terms of the CBA, the Funds' Trust Agreements, and the Funds' other governing plan documents, and to collect contributions owed to the Funds pursuant to their terms.

## Prayer for Relief

WHEREFORE, Plaintiffs pray that the Court enter judgment in their favor and against Defendant JRS and more particularly that the Court grant the Plaintiffs the following relief, as required by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), as amended, and by the terms of the CBA, the Funds' Trust Agreements, and the Funds' Policy for Collection of Delinquent Contributions, Audits, and Mistaken Contributions:

(a) Order Defendant JRS to pay contributions owed to the Welfare Fund for the months of February through September of 2012 in the estimated amount of $384,285.00 and owed to the Pension Fund for the period of January through September of 2012 in the estimated amount of $212,902.75;

(b) Order Defendant JRS to pay interest on all delinquent contributions owed to the Funds;

(c) Order Defendant JRS to pay liquidated damages on each of the amounts described in items (a) and (b) above;

(d) Order Defendant JRS to pay Plaintiffs' costs, attorneys' fees, and disbursements;

(e) Order Defendant JRS to remain current in its obligations to the Funds; and

(f) Grant Plaintiffs such other and further relief as the Court may deem just and proper.

45661

Dated: New York, New York

October 12, 2012

                                                CARY KANE LLP

                                                By: _/s/ David P. Ofenloch_____
                                                    David P. Ofenloch (DO 2825)

                                                1350 Broadway, Suite 1400
                                                New York, New York 10018.
                                                T: (212) 868-6300
                                                F: (212) 868-6302
                                                dofenloch@carykane.com

                                                *Attorneys for Plaintiffs The Board of*
                                                *Trustees of the Local 295/851 – IBT*
                                                *Employer Group Pension Trust Fund and*
                                                *the Board of Trustees of the Local 295/851 –*
                                                *IBT Employer Group Welfare Fund*

45661